IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DWIGHT ELSBERRY, #221087, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:11-CV-239-TMH |
| | ) | [WO] |
| | ) | |
| DR. JEAN DARBOUZE, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, Dwight Elsberry ["Elsberry"], a state inmate, challenges the medical treatment provided to him for hypertension during his incarceration at the Easterling Correctional Facility ["Easterling"].  Elsberry names Dr. Jean Darbouze, a physician employed at Easterling, as the sole defendant in this cause of action.

The defendant filed a special report and supporting evidentiary materials addressing Elsberry's claim for relief.  In these documents, defendant Darbouze asserts that the complaint is due to be dismissed because Elsberry failed to exhaust an administrative remedy available to him at Easterling. In addition, defendant Darbouze maintains, and the evidentiary materials indicate, that Elsberry has received appropriate treatment for his high blood pressure.

Pursuant to the orders entered in this case and governing case law, the court deems

it appropriate to treat the defendant's report as a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (citations omitted) ("[A]n exhaustion defense - as in [this] case - is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'"). Thus, this case is now pending on the defendant's motion to dismiss. Upon consideration of this motion and the evidentiary materials filed in support thereof, the court concludes that the defendant's motion to dismiss is due to be granted.

## II.  DISCUSSION

Elsberry challenges the constitutionality of medical treatment provided to him for high blood pressure during his incarceration at the Easterling Correctional Facility. In response to the complaint, the defendant denies Elsberry's allegations and likewise maintains this case is subject to dismissal because Elsberry failed to exhaust the administrative remedy provided at Easterling prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Federal law directs this court to treat the medical defendant's response as a motion to dismiss for failure to exhaust an administrative remedy and allows the court to look beyond the pleadings to relevant evidentiary materials in deciding the issue of proper exhaustion. *Bryant*, 530 F.3d at 1375.

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to

prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387 (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91, 93, 126 S.Ct. at 2386-2387. The Court reasoned that

because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him.  548 U.S. at 83-84, 126 S.Ct. at 2382; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA).

The record in this case is undisputed that the health care provider for the Alabama Department of Corrections provides a grievance procedure for inmate complaints related to the provision of medical treatment. *Defendant's Exhibit A - Court Doc. No. 8-2* at 1. The evidentiary materials submitted by the defendant demonstrate that Elsberry failed to file the requisite grievance with respect to the actions about which he complains in the instant complaint. *Defendant's Exhibit 1 (Affidavit of Dr. Jean Darbouze) - Court Doc. No. 8-1 at 3-5.* Elsberry does not dispute his failure to exhaust the administrative remedy available in the prison system prior to filing this case. The court therefore concludes that the claim presented in this cause of action against the defendant is subject to summary dismissal without prejudice as Elsberry failed to properly exhaust an administrative remedy available to him which is a precondition to proceeding in this court on such claims. *Ngo*, 548 U.S. at 87-94, 126 S.Ct. at 2384-2388; *Bryant*, 530 F.3d at 1374-1375 (dismissal for

failure to exhaust an administrative remedy when the remedy remains available is not an

adjudication of the merits and is without prejudice).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion to dismiss filed by defendant Darbouze be GRANTED to the extent

the defendant seeks dismissal of this case due to the plaintiff's failure to properly exhaust

an administrative remedy currently available to him at the Easterling Correctional Facility.

2.  This case be DISMISSED without prejudice pursuant to the provisions of 42

U.S.C. § 1997e(a) for the plaintiff's failure to exhaust an administrative remedy presently

available to him at the Easterling Correctional Facility.

It is further

ORDERED that on or before September 12, 2011, the parties may file objections

to the Recommendation.  Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive

or general objections will not be considered by the District Court.  The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not

appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by

the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon the grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 29th day of August, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE